**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**LAJASON J. COAKLEY**                                                     **PETITIONER**

**v.**                                           **Civil No. 4:22-cv-4111**

**DEXTER PAYNE, Director**                                        **RESPONDENT**
**Arkansas Division of Correction**

**O R D E R**

        Before the Court is the Petition for Writ of Habeas Corpus filed herein by LAJASON J.

COAKLEY.   ECF No. 1.[1]  The Respondent has filed his Response to the Petition.   ECF No. 23.

On February 28, 2024, the Court conducted an in chambers status conference with counsel in this

matter.   Following the status conference the Court enters the following Order.

  1.  The Court tentatively determines, pursuant to Rule 8 of the Rules Governing Section 2254

      Cases, that an evidentiary hearing may be required regarding the following claims:

        a.   Original Petition Claim 1 and Supplemental Petition Claim 1.

        b.   Original Petition Claim 3 and Supplemental Petition Claims 2-3.

  2.  The Court will set any evidentiary hearing by separate Order.   In the Order setting an

      evidentiary hearing, the Court will precisely outline the claims to be considered and the

      scope of such evidentiary hearing.

  3.  Respondent's Motion to Quash any Evidentiary Hearing (ECF No. 31) is **DENIED**,

---

1  The Court appointed Counsel and Ordered Counsel (ECF No. 3) to submit a Supplemental Petition
(ECF No. 16). Unless otherwise noted herein, "Petition" refers to both the original Petition and the
Supplemental Petition.

–1–

without prejudice to refiling in the event the Court sets an evidentiary hearing in this matter.

4. The Court finds, pursuant to Rule 6 of the Rules Governing Section 2254 Cases, good cause is found for the following discovery:

   a. Respondent or Petitioner, through counsel, may issue a subpoena *duces tecum* pursuant to FED. R. CIV. P. 45, to Petitioner's former trial counsel and former counsel on direct appeal.  This subpoena may require said counsel to produce copies of Petitioner's entire legal file, including attorney notes and memoranda, in said counsel's possession to Respondent.   Copies of all documents and other things produced pursuant to this subpoena *duces tecum* shall be provided to Petitioner's Counsel.

   b. Respondent or Petitioner, through counsel, may depose former trial counsel, former appellate counsel or the State of Arkansas's trial counsel, pursuant to FED.R.CIV.P. 30.   The subject of any such deposition shall be limited to the claims outlined in Paragraph 1 above.

5.   Because the nature of some of Petitioner's claims relate to ineffective assistance of counsel, the Court finds any claim of attorney-client privilege between Petitioner and either his former state court trial counsel or state court appellate counsel, is waived for the purpose of these proceedings.

6.   Counsel for Petitioner and counsel for the Respondent, who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation, may review and have access to the file materials obtained from Petitioner's former trial counsel and former appellate counsel.   Any person given access to

–2–

the materials subject to this Order shall not disclose to any other person outside his/her respective office.

      7.   The Parties are also allowed to conduct any informal discovery, exchange of information or materials mutually agreed on by Counsel.

      8.   The Court has reviewed Petitioner's Motion to Stay and Abate Proceedings to allow Petitioner to return to state court to exhaust certain unexhausted claims. ECF No. 16, p. 96.   The Court has also reviewed the Response to this Motion.   ECF No. 23.   The Court finds the Motion for Stay and Abatement should be and hereby is **DENIED**.

      **IT IS SO ORDERED** this **29th day of February 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE