IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**LAJASON J. COAKLEY**                                                                           **PETITIONER**

v.                                             Civil No. 4:22-cv-4111

**DEXTER PAYNE, Director**                                                                    **RESPONDENT**
**Arkansas Division of Correction**

**ORDER**

On November 14, 2022, LaJason J. Coakley ("Petitioner") filed a Petition for Writ of *Habeas Corpus* and a Supplemental Petition pursuant to 28 U.S.C. § 2254. ECF Nos. 1, 16.[1] Respondent, Dexter Payne – Director of the Arkansas Division of Corrections, filed his Response to the Petition (ECF No. 23) and Petitioner has filed his Reply. ECF No. 24. Petitioner requested an evidentiary hearing on all his claims for *habeas* relief.  ECF Nos. 1 and 16. Respondent objected to any evidentiary hearing. ECF No. 23.

Before the Court is Respondent's Second Motion to Quash the Evidentiary Hearing. ECF No. 36. Petitioner has filed a Response in opposition to the motion. ECF No. 37. For the reasons set forth below, the Court finds there is good cause to conduct an evidentiary hearing on three of Petitioner's ineffective assistance of counsel ("IAC") claims.

**I.      STATE COURT PROCEEDINGS**

Petitioner was arrested and charged with first degree murder under Ark. Code Ann. 5-10-102 (a)(2) in connection with the shooting death of Montel Walker at a nightclub in Texarkana, Arkansas, on August 20, 2016. The Arkansas Supreme Court described the events of that night as

---

[1] The Court appointed Counsel and ordered Counsel (ECF No. 3) to submit a Supplemental Petition (ECF No. 16). Unless otherwise noted herein, "Petition" refers to both the original Petition and the Supplemental Petition.

follows:

> Video of the incident from inside the club showed that a disturbance broke out between [Petitioner] and Waller's brother, JaVon Jones. Jones struck appellant. Shortly afterward, Waller approached and struck appellant, at which point appellant drew a gun, shot Waller one time in the neck, then left the club. Waller was taken to a hospital, where he died approximately three weeks later. Appellant's defense at trial was justification, based on the video showing several people, including Waller and Jones, advancing toward him when he got shot.

*Jaquize v. State,* 2019 Ark. 259, 584 S.W.3d 236, 237 (2019).

Petitioner was tried by a jury in the Circuit Court of Miller County, Arkansas. The state court trial judge was the Honorable Brent Haltom, Circuit Judge. Petitioner was represented at trial by court appointed counsel, Jeff Harrelson. On April 24, 2018, Petitioner was convicted of first degree murder and the following day, after a brief sentencing hearing, the jury returned with a sentence of life in prison. Pursuant to the jury's verdict, Judge Haltom sentenced Petitioner to life in prison.[2]

Appellant counsel Phillip McGough was appointed to represent Petitioner on direct appeal to the Arkansas Supreme Court. In his direct appeal, Petitioner raised three points of error: (1) the trial court erred in allowing testimony over his objection involving prior incidents unrelated to the night of the charged murder; (2) the trial court erred by denying his motion for directed verdict based on insufficient evidence of purpose to kill; and (3) the trial court erred in refusing his motion for a jury instruction on justification for manslaughter. ECF No. 16-7. On October 3, 2019, the Arkansas Supreme Court rejected Petitioner's argument and affirmed his conviction. *Coakley v.*

---

2  On September 19, 2019, Petitioner filed his *pro se* petition to correct an illegal sentence pursuant to section 16-90-111 of the Arkansas Code. In this petition, Petitioner argued he was sentenced to life without parole for first degree murder even though first-degree murder does not carry a life without parole sentence. The presiding judge entered his order on October 3, 2019, denying the petition as moot, stating "The court corrected the sentencing order on October 1, 2019, to reflect a life sentence not a life without parole sentence, as the original sentence reflected an incorrect sentence." Although Petitioner filed a notice of appeal of the trial court's order, he subsequently withdrew his notice of appeal.

*State,* 2019 Ark. 259, 584 S.W.3d 236, 237 (2019).

However, Arkansas Supreme Court Justice Josephine Linker Hart wrote a dissenting opinion summarizing the video evidence presented at the trial which this Court finds significant in considering whether to set a hearing on the three IAC *habeas* claims previously mentioned. *Coakley v. State,* 584 S.W.3d 236-38, 240-43 (Ark. 2019) (Hart, J., dissenting).[3] The mandate from his direct appeal issued on November 14, 2019. *Coakley v. State,* 2021 Ark. 32.

On January 29, 2020, Petitioner sought state post-conviction relief under Arkansas Rule of Criminal Procedure 37.1. On March 3, 2020, the state trial court considered and denied Petitioner's Rule 37.1 petition. On March 20, 2020, Petitioner appealed the trial court's denial of his Rule 37 Petition. On appeal, the Arkansas Supreme Court questioned whether it had jurisdiction over Petitioner's appeal because it did not appear Petitioner had timely filed his Rule 37.1 Petition in Circuit Court. *Coakley v. State,* 2021 Ark. 32. The Arkansas Supreme Court remanded the case to the trial court to "determine whether Petitioner quote attempted to timely file his Rule 37.1 Petition and whether the clerk inappropriately rejected that filing." *Id.*

On remand to the trial court, the trial court found the circuit clerk erroneously rejected the defendant's post-conviction relief petition on January 2, 2020. On March 16, 2021, the trial court found "the petition should be deemed as timely filed with the Circuit Court based on the facts recited herein."[4] On November 12, 2021, the Arkansas Supreme Court affirmed the trial court's denial of Petitioner's Rule 37.1 petition. *Coakley v. State,* 2021 Ark. 207, 633 S.W.3d 328 (2021).[5]

---

3 This reasoning and analysis cause this Court to question if there are other issues, such as ineffective assistance of counsel, concerning a shift in the burden of proof required when an affirmative defense such as justification is presented, which could have confused the jury and contributed to an unreasonable conviction of first-degree murder.
4 Petitioner quotes the state trial court without citation to the record on this point. ECF No. 16, p. 5. Respondent has not disputed this assertion and the Court takes same as true.
5 In his Rule 37.1 Petition, Petitioner raised the following claims: … "Issue One Miller County Trial Court Prejudiced Coakley By Violating Ark. R. Evid. 404 Denying Him a Fundamentally Fair Trial, Violative To The 14th Amendment

## II.     BACKGROUND - *HABEAS* PROCEEDING

On December 11, 2023, after an initial review of the Petition, Response to Petition, and the Reply, the Court set an evidentiary hearing for March 14, 2024. ECF No. 28. On February 6, 2024, the date for the hearing was cancelled subject to being reset later. ECF No. 29. On February 20, 2024, Respondent filed his first Motion to Quash any Evidentiary Hearing. ECF No. 31.

On February 28, 2024, the Court conducted an in chambers status conference (*via* zoom video conference) with counsel in this matter. ECF No. 33. Following the conference, the Court entered an order tentatively determining, pursuant to Rule 8 of the Rules Governing Section 2254 Cases, that an evidentiary hearing may be required regarding the following claims: a) Original Petition Claim 1 and Supplemental Petition Claim 1 relating to insufficient evidence to overcome justification/self-defense; and b) Original Petition Claim 3 and Supplemental Petition Claims 2-3 relating to IAC claims for failure to object to burden shifting, failure to request instruction regarding self-defense/justification, and failing to raise on direct appeal various other issues. ECF No. 32.

The Court also informed counsel that, based on its initial review, the following claims were most likely procedurally defaulted: Original Petition Claim Two, Supplemental Petition Claim

---

of The U.S. Constitution; B. Former Public Defender Darren Anderson And Trial Counsel Jeff Harrelson Breached Their Basic Duty and Constitutional Obligation To Conduct Pre-Trial or Independent Investigation To Adequately Prepa[re] For Trial; C. Trial Counsel Failed To Investigate The Facts Of the Case and The Law To Develop A Defense For Provocation Under Ark. Code Ann. 5-10-104, manslaughter; D. Trial Counsel Was Ineffective For Failure To Object To The Recorded Phone Conversation In Violation Of the Fourth Amendment; E. Trial Counsel Failure To Investigate and Present The Background Of The State's Eyewitnesses As a Defense To Discredit Their Testimonies Constitutes Deficient Performance Under Strickland That Prejudiced Coakley and Affected The Outcome Of The Trial.; F. Trial Counsel Was Constitutionally Ineffective At Trial For Failing To Request A Mistrial When A State Witness Wore a T-shirt With The Deceased Picture On it.; G. Counsel was ineffective for failing to move to dismiss the charges for violation of a speedy trial statute. Counsel filed no motion to dismiss or writ of prohibition to prevent trial. Petitioner was thus prejudiced. A violation of his 5th, 6th and 14th Amendment rights. U.S.C.A.; H. Counsel was ineffective for failing to object and move for a mistrial, when the States expert witness testified to testimonial documents of the state of Texas medical examiner. A violation of Petitioner's 5th, 6th, and 14th Amendment Right of the United States Constitution." (ECF No. 16-6, pp. 85 -94).

Four, and Supplemental Petition Claim Five. Each of these claims involved various claims of IAC at the pretrial and trial levels and on direct appeal. The Court also indicated it would deny Respondent's first Motion to Quash Any Evidentiary Hearing, without prejudice to refiling should a hearing be set, and also deny Petitioner's Motion to Stay and Abate Proceedings. These Motions were formally denied with a written Order on February 29, 2024. ECF No. 32.[6]

On April 11, 2024, the Court entered an Order finding good cause existed for an evidentiary hearing on the following claims in the Petition: 1) Original Petition Claim 3 – IAC at the direct appeal stage by failing to raise insufficiency of the evidence based on a justification defense and IAC of trial counsel (ECF No. 101, pp. 53-58); 2) Supplemental Petition Claim 2 – IAC of appellate counsel by failing to assert on direct appeal that the prosecutor shifted the burden of proof to Petitioner during voir dire (ECF No. 16, pp. 45-66); and Supplemental Petition Claim 3 – IAC of trial counsel by failing to object to the trial court's charge that shifted the burden of proof to Petitioner and by failing to submit a proper instruction to the trial court on Petitioner's defense of self-defense (justification). ECF No. 16, pp. 67-80.

In the Court's Order, the Court specifically found none of Petitioner's claims were barred by the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. It noted that the record reflects Petitioner filed a timely Rule 37.1 Petition, *pro se* in state court, and then filed his Original Petition, also *pro se,* within the statute of limitations on

---

6  In his request to stay and abate, Petitioner, sought to return to state court to fully exhaust certain claims raised for the first time in the instant Petition in this Court.   Petitioner did file a petition pursuant to Ark.R.Crim.P 37.1 seeking state post-conviction relief prior to seeking relief in this Court. However, he did not raise certain claims asserted here in that initial state petition. Pursuant to Ark.R.Crim.P 37.2(b), he would only be able to raise new claims in a subsequent Rule 37.1 petition in state court if his first petition were denied without prejudice to refiling.  *See*, *Woods v. State*, 2017 Ark. 5, at 2 ("If a first petition under [Rule 37.2] is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition.").   Because Petitioner's first Rule 37.1 petition in state court was not denied without prejudice to filing a subsequent petition, he would not be able to assert the new claims asserted here in a state petition. A stay and abatement of the instant proceeding would be futile. Accordingly, this Court denied the Motion for Stay and Abatement.   *See* ECF No. 32.

November 14, 2023. The Court also pointed out it had appointed Counsel to assist Plaintiff in this *habeas* proceeding and specifically ordered Petitioner's counsel to file a supplement to the Petitioner's Original *pro se* Petition stating in part, "Petitioner may raise any additional issues he believes are appropriate in any Supplement filed." ECF No. 34, pp. 9-10. The Order set a hearing for July 31 and August 1, 2024, and provided the parties with an outline for discovery. *Id.*

In addition, the Court stated it was not convinced Petitioner's IAC claims were procedurally defaulted as Respondent suggested. Specifically, the Court stated:

> An initial review of the record demonstrates Petitioner has alleged a sufficient factual basis for his ineffective assistance of appellate and trial counsel claims and those claims, on their face, are not meritless. Even assuming the claims are procedurally defaulted, the Court believes an exception to any such default may apply to excuse the default. In addition, the Court believes it is important for the parties to present arguments concerning whether the facts in Petitioner's case can be distinguished from *Davila v. Davis,* 582 U.S. 521, 137 S.Ct. 2059 (2017).

ECF No. 34, p. 10.

### III. DISCUSSION

On April 30, 2024, Respondent filed his Second Motion to Quash the Evidentiary Hearing. ECF No. 36. He argues the Court's Order setting an evidentiary hearing and certain discovery "contravenes 28 U.S.C. § 2254(e)(2), *Shoop v. Twyford*, 596 U.S. 811 (2022), and *Shinn v. Ramirez*, 596 U.S. 366 (2022)." *Id.* at p. 1. In response, Petitioner argues the Court has discretion to hold an evidentiary hearing in this case because § 2254 (e)(2) does not apply since Petitioner developed the factual basis of his claims in State court. ECF No. 37.

In *Shinn v. Ramirez*, the United States Supreme Court held a prisoner is not entitled to an evidentiary hearing on a procedurally defaulted ineffective-assistance-of-counsel claim, even if that procedural default might be excused by *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), unless the petitioner can first satisfy the requirements of 28 U.S.C. § 2254(e)(2). *Shinn,* 596 U.S. at 381-82.

Section 2254(e)(2) provides that, if a prisoner "has failed to develop the factual basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on the claim" in only two limited scenarios. Either the claim must rely on (i) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or (ii) "a factual predicate that could not have been previously discovered through the exercise of due diligence," *see* § 2254 (e)(2)(A), and (iii) *"*that the new evidence will establish his innocence 'by clear and convincing evidence,' § 2254 (e)(2)(B)." *Id.,* 596 U.S. at 371.

Considering this language, § 2254(e)(2) prohibits a court holding an evidentiary hearing in a case where the petitioner has alleged a general claim of IAC with no factual basis but hopes to establish the factual basis in an evidentiary hearing that is really nothing more than a fishing expedition. *See Lenz v. Washington,* 444 F.3d 295, 304 (4th Cir. 2006) ("An evidentiary hearing is not a fishing expedition for facts as yet unsuspected but is instead an instrument to test the truth of facts already alleged in the habeas petition."). *Shinn* reaffirmed that 28 U.S.C § 2254 (e)(2) applies only when a prisoner "has failed to develop the factual basis of a claim". *Shinn,* 596 U.S. at 382. The Court specifically stated, "We interpret 'fail', consistent with *Keeney*[7], to mean that the prisoner must be 'at fault' for the undeveloped record in state court…A prisoner is 'at fault' if he 'bears responsibility for the failure' to develop the record. *Ibid.*"

In *Shinn,* the petitioners conceded their *habeas* petitions failed on the state court record alone. *Shinn,* 596 at 375. The Court went on to say:

> The cases under review demonstrate the improper burden imposed on the States when *Martinez* applies beyond its narrow scope. The sprawling evidentiary hearing in *Jones* is particularly poignant. Ostensibly to assess cause and prejudice under *Martinez,* the District Court ordered a 7-day hearing that included testimony from no fewer than 10 witnesses, including defense trial counsel, defense

---

[7] *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 9 (1992).

>postconviction counsel, the lead investigating detective, three forensic pathologists, an emergency medicine and trauma specialist, a biomechanics and functional human anatomy expert, and a crime scene and bloodstain pattern analyst…Of these witnesses only one of the forensic pathologists and the lead detective testified at the original trial…The remainder testified on virtually every disputed issue in the case, including the timing of…[the victim's] injuries and her cause of death…This wholesale relitigation of Jones' guilt is plainly not what *Martinez* envisioned…

*Id.* at 388 (citations omitted).

Unlike the cases being reviewed in *Shinn*, Petitioner has developed the factual basis of his IAC claims. He has filed the State court record including but not limited to transcripts from the trial, direct appeal, and Rule 37 documents. In the Petition he cites to that record which contains the factual basis for all his IAC claims. ECF No. 16, 16-1 – 16-8. Accordingly, the Court finds § 2254 (e)(2) does not apply to the instant situation and therefore does not prohibit an evidentiary hearing.

Under United States Supreme Court precedent, "where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Rhodes v. Smith,* 950 F.3d 1032, 1037 (2020), citing *Schriro v. Landrigan,* 550 U.S. 465, 468 (2007). During the status conference hearing on February 28, 2024, when asked how many witnesses they intended to call to testify at an evidentiary hearing if in fact one was set, the parties stated witnesses could include Petitioner's trial and appellate counsel and possibly the prosecuting attorney. Each of the witnesses would only be permitted to testify concerning the limited IAC issues previously identified.

Consequently, the Court finds an evidentiary hearing here would allow the Petitioner and the Respondent to test the truth of facts already alleged in the *habeas* petition and the State court record to ensure Petitioner's Sixth Amendment right to the effective assistance of counsel at trial

and on direct appeal were protected. In addition, the Court finds an evidentiary hearing would also potentially benefit Petitioner's trial and appellate counsel. "Courts must be equally vigilant to protect counsel from the unfair imputation of professional neglect as to assure to the defendant effective representation." *United States v. Mandello,* 426 F.2d 1021, 1023 (4th Cir. 1970).

### IV.  CONCLUSION

After careful consideration, the Court reaffirms its previous ruling and determines, pursuant to Rule 8 of the Rules Governing Section 2254 Cases, an evidentiary hearing should be conducted regarding: 1) IAC by appellate counsel set forth in Original Petition Claim 3 and Supplemental Petition Claim 2; and 2) IAC by trial counsel set forth in Supplemental Petition Claim 3. All other claims in the Original and Supplemental Petition will be decided on the record without a hearing.

Accordingly, Respondent's Second Motion to Quash the Evidentiary Hearing (ECF No. 36) is **DENIED**. The evidentiary hearing is still scheduled for July 31 and August 1, 2024, and the discovery shall proceed as set forth in this Court's order dated April 11, 2024. ECF No. 34.

**IT IS SO ORDERED this 18th day of June 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE