IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAJASON J. COAKLEY                                                    PETITIONER

v.                              Case No. 4:22-cv-4111

DEXTER PAYNE, Director,
Arkansas Division of Correction                                      RESPONDENT

## ORDER

Before the Court is the Report and Recommendation by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.[1]   ECF No. 53.   Judge Bryant recommends that the instant habeas petition should be conditionally granted in part. Petitioner LaJason Coakley has filed objections.   ECF No. 58.   Respondent Dexter Payne (hereinafter referred to as "the State") has filed objections.   ECF No. 59.   The matter is ripe for consideration.

## I.  BACKGROUND

The Court will focus on the procedural history of this case because the Court's instant order is based on procedural grounds.   The Report and Recommendation includes a detailed procedural and substantive history of this case.   ECF No. 53.

### A.  Coakley's State Court Proceedings

On April 24, 2018, a Miller County jury found Coakley guilty of capital murder in connection with the shooting death of Montel Waller at a nightclub in Texarkana, Arkansas.   The Arkansas Supreme Court succinctly described the events of that night as follows:

> Video of the incident from inside the club showed that a disturbance broke out between [Coakley] and Waller's brother, Javon Jones. Jones struck [Coakley]. Shortly afterward, Waller also approached and struck [Coakley], at which point [Coakley] drew a gun, shot Waller one time in the neck, then left the club. Waller

---

[1] Judge Bryant is now retired.

> was taken to a hospital, where he died approximately three weeks later. [Coakley's] defense at trial was justification, based on the video showing several people, including Waller and Jones, advancing toward him when he shot Waller.

*Coakley v. State*, 2019 Ark. 259, at 1-2, 584 S.W.3d 236, 237 (2019).  At the close of the State's case, Coakley moved for a directed verdict, arguing that the State had failed "to prove beyond a reasonable doubt that Mr. Coakley, with the purpose of causing the death of another person, caused the death of another person."  ECF No. 16-5. pp. 85-86.  In other words, Coakley argued that the "evidence was insufficient to prove that he acted with the requisite intent."  *Coakley*, 2019 Ark. 259, at 3, 584 S.W.3d at 238.  At the close of all the evidence, Coakley renewed his motion for a directed verdict "verbatim."  ECF No. 16-5, p. 96.  The motions were denied.

The trial court instructed the jury as to the elements of first-degree murder and justification for first-degree murder (Coakley's claim of self-defense).  The jury was also instructed on the elements of manslaughter.  The jury rejected Coakley's claim of self-defense and found him guilty of first-degree murder pursuant to Ark. Code Ann. § 5-10-102(a)(2).  Coakley was sentenced as a habitual offender to life imprisonment.

On direct appeal, represented by counsel, Coakley argued the following:  (1) the State failed to present sufficient evidence of purpose to kill; (2) the trial court erred by admitting, pursuant to Ark. R. Evid. 404(b), the evidence of three prior incidences of Coakley's threatening behavior toward Waller, Jones, and their family members; and (3) the trial court should have given an instruction for justification on the lesser-included offense of manslaughter.  *Coakley*, 2019 Ark. 259, at 3-6, 84 S.W.3d at 238-40.  The Arkansas Supreme Court rejected Coakley's arguments and affirmed Coakley's conviction.  One justice authored a dissenting opinion regarding the admission of the Rule 404(b) evidence, noting that the shooting occurred so quickly that Coakley's history of threatening behavior shed no light on his intent.

Pursuant to Ark. R. Crim. P. 37.1, Coakley, proceeding pro se, sought postconviction

relief in the state trial court. *Coakley v. State*, 2021 Ark. 207, at 1-2, 633 S.W.3d 328, 329-30 (2021). The trial court denied relief and Coakley appealed, arguing that the trial counsel rendered ineffective assistance by failing to: (1) develop the defense of "provocation;" (2) object to a witness who appeared for trial wearing a t-shirt with Waller's picture and the words "Long Live Montel" on it; (3) seek a mistrial after the State introduced documents from Texas physicians; and (4) investigate the victim's medical history or obtain a separate expert witness to impeach the cause-of-death testimony. *Coakley*, 2021 Ark. 207, at 1, 633 S.W.3d at 329. The Arkansas Supreme Court affirmed the trial court's denial of postconviction relief. *Id*. at 7, 633 S.W.3d at 332.

### B. Federal Habeas Petitions

On November 14, 2022, which was the last day before the expiration of the statute of limitations, Coakley filed a pro se habeas petition under 28 U.S.C. § 2254.[2] In Claim One, Coakley argues he is actually innocent because the shooting was justified. ECF No. 1-1, p. 5. In Claim Two, Coakley argues that trial counsel was ineffective because: (1) trial counsel failed to seek a continuance of the trial to remedy his alleged lack of preparation for trial; (2) trial counsel failed to discuss justification during opening statement; (3) trial counsel failed to present facts supporting his retreat from his aggressors; (4) trial counsel failed to call witnesses; and (5) trial counsel failed to introduce Facebook screenshots showing threats made against him by Jones and Waller. ECF No. 1-1, p. 38. In Claim Three, Coakley argues that his appellate counsel on direct appeal was ineffective because he failed to "raise an actual innocence claim, which was a centerpiece of a justification defense" and failed to raise a claim of ineffective assistance of trial counsel. ECF No. 1-1, pp. 55-56.

---

[2]Coakley states that his petition was filed on November 2, 2022, because that is the day he placed it in the prison mailing system. ECF No. 16, ¶¶ 70-74. The Court need not decide whether the original petition was filed on November 2, 2022, or November 14, 2022, because either date is timely under AEDPA's one-year statute of limitation.

On December 13, 2022, Judge Bryant appointed counsel to represent Coakley in this habeas matter.  Judge Bryant stated that counsel could "raise any additional issues he believes are appropriate in any Supplement filed."  ECF 3-1, p. 3.  On June 12, 2023, Coakley filed an Amended and Supplemental Petition for Relief under 28 U.S.C. § 2254.  ECF No. 16.  Coakley raised the following claims in his amended petition:  (1) actual innocence due to the legal insufficiency of the evidence to establish the "purpose to kill" element of first-degree murder under Arkansas law and the Arkansas Supreme Court's adjudication of Coakley's legal insufficiency claim was contrary to, or an unreasonable application of *Jackson v. Virgina*, 443 U.S. 307 (1979), or involved an unreasonable application of the facts established at trial; (2) direct-appeal counsel was ineffective for failing to argue the prosecuting attorney shifted the burden of proof during voir die; (3) trial counsel was ineffective for failing to introduce a proper jury instruction on justification that did not shift the burden of proof to Coakley; (4) trial counsel was ineffective for failing to introduce evidence that members of Waller's family made threatening social media posts against Coakley prior to the shooting; and (5) trial counsel was ineffective for failing to call certain witnesses to provide exculpatory evidence.  ECF No. 16, pp. 13, 45, 67, 81, 89.

On July 31, 2024, Judge Bryant held an evidentiary hearing on some of Coakley's ineffective-assistance-of-counsel claims.  On June 27, 2025, Judge Bryant issued a Report and Recommendation, recommending that Coakley's habeas petition be granted in part and that Coakley be granted a new trial.  Both the State and Coakley have filed objections to the Report and Recommendation.  ECF Nos. 58, 59.

## II.  LEGAL STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. §

636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Timely and specific objections will generally trigger *de novo* review.  *See Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  A "clearly erroneous" standard of review applies to the portions of a report and recommendation that are not objected to.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Here, both parties have filed timely and specific objections, which triggers a *de novo* review by the Court for the issues tied to the objections.  As to any issues the parties did not object to, the Court will review them for clear error.

### III.  DISCUSSION

The State objects to Judge Bryant's finding that none of Coakley's claims, in either his original or amended petitions, are barred by the statute of limitations.  ECF No. 13, pp. 13-14. The State argues that Claims One, Two, and Three of Coakley's amended petition are time-barred under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations.  28 U.S.C. § 2244(d).  The Court will conduct a *de novo* review of the Report and Recommendation as it relates to the statute-of-limitations issue.

In his Report and Recommendation, Judge Bryant did not conduct a § 2244(d) analysis but instead found that his order allowing Coakley, through appointed counsel, to "raise any additional issues he believes are appropriate in any Supplement filed," rendered all claims in the original petition timely. ECF No. 3. The Report and Recommendation, however, cites to no authority that would allow a habeas petitioner to simply bypass the statute of limitations based on the appointment of counsel. "[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Accordingly, the Court cannot ignore the statute of limitations and must determine whether any of Coakley's claims are time-barred, notwithstanding Judge Bryant's order allowing Coakley to raise any additional issues in an amended petition.

### A. Statute of Limitations

AEDPA states, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The parties agree that the statute of limitations in this case ran on November 14, 2022, which is the day Coakley's pro se habeas petition was filed on the docket. On June 12, 2023, Coakley file his amended petition. Thus, Coakley's federal habeas claims in his amended petition are barred by the one-year statute of limitations, unless: (1) the claims relate back to claims stated in his original pro se petition; or (2) he is entitled to equitable tolling of the statute of limitations.

### 1. Relation Back

Federal habeas petitioners must meet "heightened pleading requirements" in stating their claims. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). "[A] petitioner must state specific, particularized facts which entitle him . . . to habeas relief for each ground specified." *Adams v.*

*Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). "The facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Id.*

For a court to consider untimely federal habeas claims asserted after the expiration of the one-year limitations period, the new habeas claims must "relate back" to habeas claims stated in a timely habeas petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). To relate back, a new claim must have arisen "out of the same conduct, transaction, or occurrence" as the claim asserted in the original pleading. *Id.* at 662; Fed. R. Civ. P. 15(c)(1)(B). To relate back in the habeas context, the original and amended claims must be "tied to a common core of operative facts." *Id.* at 664. Specifically, the new claim "must be of the same 'time and type' as those in the original [petition], such that they arise from the same core of operative facts." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010).

### a. Amended Petition Claim One

In Coakley's amended petition, Claim One, he asserts that the Arkansas Supreme Court did not consider a challenge to the sufficiency of the evidence for the "purpose to kill" element to first-degree murder under a standard that comports with *Jackson v. Virginia*, 443 U.S. 307 (1979) and unreasonably determined the facts in light of the evidence presented at trial. Specifically, Coakley argues that the evidence of his "purpose to kill" was legally insufficient because the state failed to disprove his justification defense beyond a reasonable doubt. In sum, his claim in the amended petition consists of separate subclaims: a challenge under § 2254(d)(1)[3] based on *Jackson* and a challenge under § 2254(d)(2)[4] based on justification.

---

[3]Section 2254(d)(1) allows habeas relief to be granted when the adjudication of the state court claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In Coakley's original petition, Claim One, he asserts that he "is entitled to habeas relief based on actual innocence—justification." ECF No. 1, p. 5. In other words, Coakley asserts a free-standing claim of actual innocence based on the assertion that the shooting was justified. Coakley cites to *Schlup v. Delo*, 513 U.S. 298 (1995) in support of this claim. However, *Schlup* does not hold that a petitioner can assert a free-standing claim of innocence. Instead, *Schlup* focuses on the assertion of cause to overcome a defaulted claim. In *Schlup*, the Supreme Court recognized that, under certain circumstances, a claim of innocence can overcome a procedural default of a constitutional issue if the claim of innocence is supported with new reliable evidence. *Schlup*, 513 U.S. at 314-315. In his original petition, Coakley is asserting that he is actually innocent; however, there is no free-standing claim of innocence in habeas corpus. *See Herrera v. Collins*, 506 U.S. 390 (1993).

Coakley's Claim One in his original petition and Claim One in his amended petition are not of the same "time and type," such that they arise from the same core set of operative facts. The amended petition's claim under § 2254(d)(1) is a challenge to the legal standard used by the Arkansas Supreme Court, and no facts contained in the original petition would support this type of claim. Further, while Coakley's challenge under § 2254(d)(2) and his actual innocence claim both relate to his justification defense, the two claims are focused differently. Coakley's claim of actual innocence under *Schlup* requires him to present new evidence of his innocence, and his § 2254(d)(2) claim attacks the factual underpinning of the state court decision, which focuses on evidence already presented to the state court. These two claims are not of the same type. Accordingly, the Court finds that Claim One in his amended petition does not relate back to Claim One in his original pro se petition, and thus Claim One in the amended petition is time-

---

[4]Section 2254(d)(2) allows habeas relief to be granted when the adjudication of the state court claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. §2254(d)(2).

barred, unless the statute of limitations is somehow tolled.[5]

### b. Amended Petition Claims Two and Three

In his amended petition, Coakley asserts two ineffective-assistance-of-counsel claims that are unlike any of the ineffective-assistance-of-counsel claims he makes in his original pro se petition. Claim Two in the amended petition asserts that Coakley's direct appeal counsel was ineffective for failing to argue that the prosecuting attorney attempted to shift the burden of proof on his justification defense to him during opening statements at trial. Claim Three asserts that trial counsel was ineffective for failing to object to a jury instruction that he alleges shifted the burden of proof to him and failed to submit a proper instruction on justification.

A new ineffective-assistance-of-counsel claim with different operative facts does not relate back to a previous ineffective-assistance-of-counsel claim. *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). Although Coakley has asserted ineffective-assistance-of-counsel-claims in both his original and amended petitions, this is not enough. The allegations of ineffective assistance "must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." *Id.* (citing *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006)).

None of the ineffective-assistance-of-counsel claims in Coakley's original petition share the same set of operative facts as Claim Two and Three of his amended petition.[6] Claims Two and Three of the amended petition are based on different types of attorney malfeasance than the ineffective-assistance-of-counsel claims in the original petition. Claims Two and Three of his

---

[5]As for Claim One in the original pro se petition, the Court finds that this claim fails because there is no freestanding claim of innocence in habeas corpus. *See Herrera v. Collins*, 506 U.S. 390 (1993).

[6]As stated earlier, In Claim Two of his original petition, Coakley argues that trial counsel was ineffective because: (1) trial counsel failed to seek a continuance of the trial to remedy his alleged lack of preparation for trial; (2) trial counsel failed to discuss justification during opening statement; (3) trial counsel failed to present facts supporting his retreat from his aggressors; (4) trial counsel failed to call witnesses; and (5) trial counsel failed to introduce Facebook screenshots showing threats made against him by Jones and Waller. ECF No. 1-1, p. 38.

amended petition do not arise from the same core of operative facts as any of the claims in his original petition.  Thus, Claims Two and Three do not relate back to any claim in the original petition.  Accordingly, the Court finds that Claims Two and Three of the amended petition are time-barred, unless the statute of limitations is somehow tolled.

### 2.  Equitable Tolling

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling.  *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001).  Thus, Coakley's time-barred claims could be saved if the Court finds that equitable tolling is available to him.  The statute of limitations period may be equitably tolled if a habeas petitioner can show that:  (1) he has been "pursing his rights diligently;" but (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Extraordinary circumstances are those "beyond a prisoner's control" that "make it impossible to file a [federal habeas] petition on time . . . [or] when the conduct of the defendant has lulled the plaintiff into inaction."  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).  "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner."  *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Judge Bryant ordered Coakley, through appointed counsel, to "raise any additional issues he believes are appropriate in any Supplement filed."  ECF No. 3, p. 2.  However, Judge Bryant's order could not have prevented Coakley from filing a timely petition, because the statute of limitations had already passed when Judge Bryant entered the order.

The Court knows of no other circumstances that Coakley could rely on to toll the statute of limitations period.  "The Eighth Circuit has made it clear that equitable tolling is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state postconviction law."  *Alvarado v. Hansen*, No. 8:17CV283,

2018 WL 4006768, at *7 (D. Neb. Aug. 22, 2018) (collecting cases). Accordingly, the Court finds that Coakley has not established that extraordinary circumstances prevented him from timely filing Claims One, Two, and Three in his amended habeas corpus petition. Thus, equitable tolling is not available to Coakley.

### 3. Actual Innocence

An actual innocence claim, "if proved, serves as a gateway through which a petitioner may pass," to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, to proceed on an actual innocence claim, a petitioner must provide new, credible evidence that establishes "it is more likely than not that no reasonable juror would have convicted him." *Id.* Said new evidence must not "rely on a factual predicate that could not have been previously discovered through the exercise of due diligence." *Shoop v. Twyford*, 596 U.S. 811, 812 (2022). Here, Coakley fails to provide any new evidence to support an actual innocence claim. Accordingly, he cannot invoke the actual-innocence exception for any of his time-barred habeas claims.

### 4. Report and Recommendation

For the reasons discussed above, the Court finds that the Report and Recommendation erroneously concludes that Claims One, Two, and Three in the amended petition were timely filed. Thus, the Court declines to adopt the Report and Recommendation regarding the timeliness of these claims. ECF No. 53, pp. 13-14. Because the Court finds that these claims are time-barred, the Court will not address the merits of these claims, any objections related to the merits of these claims, or any alleged procedural default related to these claims. Accordingly, the Court also declines to adopt the sections of the Report and Recommendation relating to the procedural default or merits of Claims One, Two, and Three of the amended petition. ECF No. 53, pp. 14-22, 28-34.

11

## C. Procedurally Defaulted Claims

In his pro se petition, Coakley argued that his direct appeal counsel was ineffective because he failed to "raise an actual innocence claim, which was a centerpiece of a justification defense" and failed to raise a claim of ineffective assistance of trial counsel on direct appeal. The State argued that this claim was procedurally defaulted because Coakley did not present this claim to the state court before seeking § 2254 relief. *See Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011). Further, the State asserted that *Martinez*[7] does not apply to excuse the default, because the *Martinez* exception applies only to defaulted claims of ineffective assistance of trial counsel, not to alleged errors committed by a habeas petitioner's appellate counsel. *See Davila v. Davis*, 582 U.S. 521 (2017). Coakley acknowledged that this claim for relief is procedurally defaulted under the binding precedent in *Davila*, and Judge Bryant found the same. Coakley objects to this finding "for the sole purpose of preserving his argument that a good faith basis exists for extending the *Martinez* exception to the particular[-]ineffective[-]assistance[-]of appellate[-]counsel claim[s] raised" by Coakley. ECF No. 58, p. 21. The Court agrees with Judge Bryant that the Court is bound by *Davila*, and under existing law, Coakley's ineffective-assistance-of-appellate-counsel claims are procedurally defaulted and must be dismissed.

## D. Claims Not Time-Barred or Procedurally Defaulted

As to the claims that are not barred by the statute of limitations or procedurally defaulted, Juge Bryant reached the merits of these claims in the Report and Recommendation.[8] These claims allege that trial counsel was ineffective for: (1) failing to seek a continuance of the trial

---

[7]In *Martinez v. Ryan*, the Supreme Court held that "[i]nadequate assistance of counsel [or the absence of counsel] at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. 1, 9 (2012).

[8]The State argued that all Coakley's claims are procedurally defaulted. ECF No. 16, pp. 16-25. Judge Bryant, however, found that the ineffective-assistance-of-trial-counsel claims were not procedurally defaulted. ECF No. 53, p. 23. Judge Bryant then discussed the merits of each claim and recommended that each claim be dismissed.

12

despite the judge's offer to give one; (2) failing to discuss justification during opening statements; (3) failing to present facts supporting Coakley's retreat from his aggressors; (4) failing to call certain witnesses to provide exculpatory evidence; and (5) failing to introduce evidence that members of Waller's family made threatening social media posts against Coakley prior to the shooting.  Judge Bryant found that these ineffective-assistance-of-trial-counsel claims have no merit and should be dismissed.  Neither party objects to Judge Bryant's Report and Recommendation as it relates to these claims.  Having reviewed the Report and Recommendation and the record in this case, the Court finds no clear error relating to these claims.  Thus, the Court adopts the sections of the Report and Recommendation relating to the merits of Coakley's ineffective-assistance-of-trial-counsel claims and finds that these claims must be dismissed.  ECF No. 53, pp. 24-28.

### D.  Certificate of Appealability

The Court has considered whether it should issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court").  For the claims that the Court finds are time-barred, the Court does not believe that reasonable jurists might find the Court's assessment of the procedural issue in this case debatable or wrong for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).  *See Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (setting forth the standard for issuing a certificate of appealability when a district court denies a habeas petition on procedural grounds (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In order to issue a certificate of appealability for the claims not time-barred, the Court must find a substantial showing of the denial of a federal right.  *See Tiedeman v. Benson*, 122

F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Coakley has not made such a showing, so the Court will not issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons discussed above, the Court finds that the instant report and recommendation (ECF No. 53) is **ADOPTED IN PART**. Further, Coakley's claims in his original and amended habeas petitions (ECF Nos. 1, 16) pursuant to 28 U.S.C. § 2254 are **DENIED** and **DISMISSED WITH PREJDUICE**. The Court does not issue a certificate of appealability.

**IT IS SO ORDERED**, this 31st day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

14